Kinsey C. J.
After stating the circumstances of the case as they appeared on the record.
The question then arising on this statement of the case, is, whether a debtor whose estate has been confiscated to the use of the state is discharged against his creditor.
This cause has been submitted to the court without argument as is too frequently the case. As it is a matter of much importance and altogether a novel case, we still would be de» sirous of hearing it argued, should either party be dissatisfied with the present opinion of the court and apply for an argument during the present term.
We have looked into all the acts mentioned or referred to in the plea. The act of April 18th 1778 (a) sec. 12. authorizes the commissioners to apply the whole estate to the payment of the just debts of the offenders. That of December. 11 th 1778. (b) sec. 16, gives the court of Common Pleas a power of settling demands against the estate provided application be made within one year, and authorizes the treasurer jo pay them; but no claims to be admitted but such as existed at or before the time of the offence committed. The acts of December ±Oth 1783. (c) sec. 5. and December 23d 1783. (d) sec. 6. were passed, the first to give mortgages a preference, the latter to allow a further time to creditors to make their demands, and it declares that if the demands are not brought forward within that time, the estate shall be discharged from, them.
From a view of the whole of these acts it appears that the single object in view in these different sections was to favour creditors, and to give them a remedy against the estate which otherwise they would not have had. We find nothing in any of them that has a tendency to discharge the person of the debtor, or to exonerate him from responsibility. It is in fact impossible to suppose that the legislature had it in conte£i« *317 p'iatlon to show any favour to the offender, or to discharge the force of the contract as to him. (a)
In fact this being an interpretation which goes to punish the creditor; — impairs the validity of the contract; diminishes rights which he before enjoyed; — and is contrary to the obvious design of the legislature, nothing but express words, or a most unequivocal intention would justify the court in lending to it their sanction.
The question therefore is simply, whether a conviction oí this kind, and a forfeiture of all the property of the offender has the effect of putting an end to all claims of creditors. The case of Ramsay v. M'Donald (b) Foster 61, fully settles the point, that a person being convicted of a crime by which he forfeits his life and estate, is still personally liable to civil suits, wherefore we think the plaintiff ought to have judgment.
Judgment for the plaintiff,l

 Wilson’s Laws 43.

Ib. 67.

 lb. 354.

 Ibid. 384.

 Note. — In Folliott v. Ogden 1 H. Bl. 123. this questien arose, and it was argued that the object of the acts of the legislar ture was punishment not reward, to distress rather than to favour. They did not mean to prevent-a creditor from bringing apersona? action, or to destroy any contract made by lnm with the defendant. JLord Loughborough though favourably inclined to the plea, held it bad in a court of law; “ it comes” he says “ as near as it could to a plea of payment; but in a court of law nothing sliort of actual payment is good.” In Wright v. Nutt in Chancery reported 1 H. Bl. 136. a different doctrine was laid down. The distinction is drawn between the rules which would be adopted in courts of law and equity; in the latter the plea is good, until the creditor shall make it appear that he had exerted himself to obtain payment of his debt out of the fund which had been appropriated for that purpose. In Kempe v. Antill 2 Br. C. C. 11. it was held, that this was no plea against a loyalist, because such a creditor could not have recovered satisfaction out of this fund, Holditch v. Mist 1 P. Wms. 695. was a case involving the same principle, but in which national or political feelings cannot be presumed to have entered. In that case the doctrine established by the case in the text was laid down.

 Note. — Seethe same case reported in 2 Wils. 217, under the Name of Ramsden and another v. M'Donald, sanctioned by Lord Loughborough 1 H. Bl. 130,